UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kimloan Thi Nguyen, | No. 24-cv-1023 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER STAYING CASE** |
| Barham & Maucere LLC, Reliant Loan Servicing, LLC, Fay Servicing, LLC, and Randall S. Miller & Associates, PLLC, | |
| Defendants | |

Before the Court is a motion to dismiss Plaintiff Kimloan Thi Nguyen's First Amended Complaint ("FAC"), brought by Defendants Barham & Maucere LLC ("Barham"), Reliant Loan Servicing, LLC ("Reliant"), Fay Servicing, LLC ("Fay") and Randall S. Miller & Associate PLLC ("RSM") (collectively, "Defendants"). ECF 30. For the reasons that follow, the Court will hold the motion in abeyance and stay this matter until resolution of ongoing litigation in Minnesota state courts between the parties.

This case involves claims of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and of abuse of process. *See, e.g.,* FAC ¶¶ 1, 73. The essence of Ms. Nguyen's federal claim is that Defendants' efforts to collect nearly $60,000 from her are unlawful because her debt resulted from a state court entry of judgment for just under $23,000. The judgment in question arises out of a foreclosure action brought by Defendant Reliant against the estate of Plaintiff Nguyen's deceased

1

husband in Minnesota district court. This foreclosure action, *see Reliant Loan Servicing, LLC v. The Estate of Thang Nguyen, Deceased, et al.*, No. 73-CV-21-6510 (Minn. D. Ct. 2021), involves a promissory note and mortgage on a Stearns County property that is Ms. Nguyen's home. *See* FAC ¶¶ 22–30. In February 2022, the state district court entered judgment in the foreclosure action in Reliant's favor. *Id*. ¶ 42. It is undisputed that judgment was entered as follows:

> … [Reliant] is granted judgment determining the principal amount due on the Note and secured by the Mortgage in the amount of $22,803.82 plus interest, from and after June 29, 2011, at the note rate, costs and disbursements, including attorneys' fees as allowed by law in such an amount as the Court shall determine ("Judgment").

*Id*. According to the complaint, following the entry of judgment, the Defendants in this matter began representing to Ms. Nguyen that she would need to pay a much greater amount, in excess of $56,000, to avoid foreclosure of her home. *Id*. ¶¶ 46–53. Ms. Nguyen alleges that she attempted to instead pay the full judgment amount of $22,803.82, plus interest, but that Defendants would not accept it. *Id*. ¶¶ 54–57. Ms. Nguyen then sought an order from the state district court ordering the clerk of court to accept the judgment amount. *Id*. ¶ 58. This allegedly resulted in a May 2023 order from the Minnesota district court that Ms. Nguyen could pay $22,803.82 plus statutory interest to the clerk, and that "[u]pon receipt of the payment, court administration shall pay the funds to Plaintiff, in full satisfaction of the judgment." *Id*. ¶¶ 59–60. Following this order, Ms. Nguyen maintains that the Defendants continued to represent to her that she owed nearly $60,000. *Id*. 67. In

April 2024, Defendants[1] sought to amend the judgment amount, moving the Minnesota district court for a revised judgment in the amount of $64,938.86. *Id.* ¶ 78. In essence, it appears to be Defendants' contention that the judgment amount of $22,803.82 accounts only for principal owed on the home and does not represent the full extent of mortgage debt, because it excludes interest.

While the motion to amend the judgment was pending in state court, Ms. Nguyen brought this action in federal court. As discussed above, Ms. Nguyen contends that, in light of the judgment for $22,803.82, Defendants' representations to Ms. Nguyen that she had to pay nearly $60,000 to avoid foreclosure on her home were false, and therefore violate the FDCPA. Defendants moved to dismiss under Rule 12(b), maintaining both that Ms. Nguyen lacks standing to bring a FDCPA claim and that she had failed to state a claim upon which relief could be granted. *See* ECF 13 (Mem. in Supp. of Mot. to Dismiss) at 12-19. The Defendants characterized Ms. Nguyen's federal lawsuit as an effort to "challenge a state court judgment," *id*. at 2, that could run afoul of the *Rooker-Feldman*[2] doctrine, which bars the use of federal courts to appeal adverse rulings from the state courts, *id*. at 15, n.4.

---

[1] Ms. Nguyen alleges that Defendants in this matter sought to amend the Minnesota district court judgment "apparently in concert." FAC 77. To be clear, Barham, Fay, and RSM are not named plaintiffs in the state action. But for the sake of simplicity, and for the purposes of this Order only, the Court will assume that the actions taken by the plaintiff in the state court foreclosure action may be generally ascribed to the "Defendants" as named in this action.

[2] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

3

In reviewing Defendants' motion to dismiss, this Court also grew concerned that it may lack jurisdiction to entertain Ms. Nguyen's federal lawsuit under *Rooker-Feldman*. It is well established that "[f]ederal courts, with the exception of the United States Supreme Court, do not possess appellate jurisdiction over state court proceedings." *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990) (citing *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970). Here, Ms. Nguyen's lawsuit does not explicitly seek to challenge or overturn a state court decision. Indeed, her initial federal complaint was filed while state litigation was ongoing. However, it became clear to this Court that if the state court judgment against Ms. Nguyen was amended to reflect the greater amount sought by Defendants, then the assertion of federal liability for Defendants' efforts to collect on that amount could nevertheless amount to impermissible scrutiny of a state court judgment. *See, e.g.*, *In re Goetzman*, 91 F.3d 1173, 1177 (8th Cir. 1996) (explaining that under *Rooker-Feldman*, "impermissible appellate review may occur when a federal court is asked to entertain a claim that is 'inextricably intertwined' with [a] state court judgment") (quoting *Keene Corp.*, 908 F.2d at 296)). Put differently, if the state court were to conclude that the $22,803.82 entry of judgment was not an accurate or complete measure of Ms. Nguyen's debt, and if the state court determined Ms. Nguyen had always owed an amount that is consistent with the $60,000 Defendants had allegedly attempted to collect from her, any federal claim premised on the legality of those collection efforts would inevitably call into question, implicitly if not explicitly, the validity of the state court's judgment.

Because of these concerns, the Court instructed Ms. Nguyen to provide supplemental briefing on Defendants' *Rooker-Feldman* arguments and ordered the parties to apprise the Court of any further developments in the state litigation. *See* ECF 36. Shortly thereafter, Defendants notified the Court that the state court had granted the motion to amend the judgment against Ms. Nguyen. *See* ECF 38 (Fay Ltr to Court). In the order accompanying the new judgment, the state court explained:

> It is undisputed the Court granted judgment in favor of Plaintiff and found the principal amount was $22,803.82 and that the Court indicated the Plaintiff "may make a formal request for an amended judgment that determines the amount of interest due at the note rate, costs and disbursements, and attorney fees" from Orders dated February 22, 2022, May 24, 2023, and May 25, 2023. The Court clarified the purpose of the orders was to provide [Ms. Nguyen] an opportunity to stop the sale of the Property and that the orders are not dispositive to Plaintiff's entitlement to a monetization determination. It was never the Court's intent to deprive Plaintiff what they are entitled to regarding the judgment.

*Reliant v. Nguyen*, 73-CV-21-6510, Index No. 49 at 7. Accordingly, the state court entered judgment against Ms. Nguyen in an additional amount of $35,076, plus $3,683.50 in attorney fees. *See id*. at 12. This amount, together with the original judgment of S22,803.82, creates a sum total in excess of $60,000. Ms. Nguyen subsequently informed the Court that she had filed an appeal of the amended judgment. *See* ECF 39 (Nguyen Ltr to Court).

Given all of the above, and especially in light of Ms. Nguyen's appeal of the state court's entry of amended judgment, a stay of this litigation is appropriate, and Defendants' pending motion to dismiss will be held in abeyance during that stay. This Court has the power to stay proceedings due to concurrent state litigation. *See Roehrs v. Walstrom*, No. 0:23-CV-01885-SRN-DLM, 2024 WL 22089, at *5 (D. Minn. Jan. 2, 2024) (citing *Landis*

*v. North American Co.*, 299 U.S. 248, 254-55 (1936). This power derives from the Court's inherent power "to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis*, 299 U.S. at 254). Here, allowing for the final disposition of all state litigation around the foreclosure judgment against Ms. Nguyen will undoubtedly clarify what legal issues predominate over Defendant's motion to dismiss Ms. Nguyen's claims. If, as discussed above, a judgment in excess of $60,000 against Ms. Nguyen is upheld on appeal, then this Court will first need to determine whether any part of her federal case may proceed without running afoul of *Rooker-Feldman*. If, on the other hand, the new judgment is reversed, then the Court's threshold jurisdictional concerns may be obviated, and the Court may turn to Defendants' arguments for dismissal arising under Rule 12(b)(1) and Rule 12(b)(6).

Consistent with the foregoing discussion, it is **ORDERED** that this matter is **STAYED**. Within seven days of any decision on the pending appeal, counsel for Plaintiff must notify the Court and submit a copy of the decision. Following resolution of Ms. Nguyen's appeal in the state courts, either party may move for this stay to be lifted. If such motion will be contested, the parties may notify the Court via a letter on the docket, and the Court will set a briefing schedule.

Date: January 30, 2025                               *s/ Katherine Menendez*
                                                     Katherine Menendez
                                                     United States District Judge